Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Direct Dial (817) 926-9060
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
COUNSEL FOR THE DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ONE REALCO LAND HOLDINGS, INC. | § | CASE NO. 09-44799-dml-11 |
| | § | |
| DEBTOR. | § | HEARING SCHEDULED: NONE |
| | § | |

**APPLICATION UNDER 11 U.S.C. §§105(a), 327 AND 328(A) FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CSE COMMERCIAL REAL ESTATE, LP AS REAL ESTATE BROKER TO THE DEBTOR**

TO THE HONORABLE DENNIS MICHAEL LYNN, UNITED STATES BANKRUPTCY JUDGE:

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, FORT WORTH, TEXAS 76102 BEFORE 4:00 P.M. ON THE 15th DAY OF OCTOBER 2009, WHICH IS AT LEAST TWENTY (20) DAYS PLUS THREE DAYS FOR MAILING FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

One Realco Land Holdings, Inc. ("Debtor") in the above styled and numbered bankruptcy

case, files this its Application to Employ CSE Commercial Real Estate, LP ("CSE") and in support thereof would respectfully show as follows:

### Jurisdiction

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This matter involves administration of the estate and therefore constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A). Matters concerning employment of professionals in a bankruptcy proceeding are governed by 11 U.S.C. §§327 and 328.

2. The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on August 3, 2009. The Debtor has continued to operate as debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

3. In order to advance this reorganization proceeding, Debtor has engaged the services of CSE Commercial Real Estate, LP to sell the properties described as Property A-1 described as 4.7 acres being Lot 1, Block A and Lot 2, Block A; Las Colinas, City of Irving, Dallas County, Texas; Property A-2 described at 1.584 acres being lot 2, Block A, Wingate Addition, Las Colinas, City of Irving, Dallas County, Texas; Property A-3 described at 13.220 acres located at the NWC of State Highway 114 and Longhorn Drive, City of Irving, Dallas County, Texas; and Property A-4 described as 14.8 acres located at the SEC of State Highway 114 and Fortune Drive, City of Irving, Dallas County, Texas.

4. The Debtor has employed CSE to provide real estate advisory and broker services to facilitate the sale of the properties described in the preceding paragraph and as set forth in more fully in the Listing Agreement attached hereto as Exhibit "1".

5. The Debtor requires knowledgeable brokers to render the above-described essential

professional services and CSE is believed to be well suited to provide such services.

6. The Debtor has not provided CSE with any deposit or retainer of any kind.

7. Subject to the Court's approval, CSE will charge the Debtor for its services based on the Agreement as summarized herein. CSE may have performed real estate services for entities affiliated with the Debtor.

8. Pursuant to the terms of the Agreement, the Debtor proposes that CSE be compensated in an amount between 6% of the first million dollars of the sales price plus 3% on the remaining balance of the purchase price upon closing.

9. CSE understands that compensation for services rendered to the Debtor will be subject to allowance by this court pursuant to the bankruptcy code, the federal rules of bankruptcy Procedure and the rules and orders of this court and intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the rules and order of this court.

10. CSE shall be paid their fees upon application to the court in accordance solely with the standard of review under 11 U.S.C. §328(a). CSE does not intend to keep hourly time records unless so ordered by this Court in ruling on this Application. CSE does not normally keep track of hours in the ordinary course of its engagements. In the event any portion of the Gross Value (as defined in the Agreement) is deposited in escrow, CSE shall be paid any Fee due upon such amount on a pro rata basis upon release of such amount from escrow and their receipt by the Debtor. The Bankruptcy Court's approval of the Agreement shall authorize any escrow agent or counsel to pay to CSE its fee directly from the Gross Value of the closing transaction contemplated by this

Agreement.

11. To the best of applicant's knowledge neither CSE nor the professionals thereof, have any connection with the Debtor, its creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, that would conflict with the services provided or to be provided to the Debtor, except as disclosed herein.

12. Any contacts between CSE and the Debtor are as set forth in the affidavit to be provided prior to the consideration of an order by this court.

13. Taking into account the foregoing the Debtor believes that neither CSE nor any member of CSE holds or represents any interest adverse to the Debtor or any creditor in this case, in the matters for which it is proposed to be retained and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, except as may be disclosed of the Affidavit of Robert N. Stewart. Any and all contacts of Robert N. Stewart will be disclosed as set forth in the Affidavit of Robert N. Stewart to be filed.

14. Employment of CSE as real estate advisors and broker to the Debtor, as proposed herein, is in the best interest of the Debtor, its respective estate and creditors.

15. No other persons in the same profession have already been or are to be employed at this time by Applicant.

WHEREFORE, PREMISES CONSIDERED, One Realco Land Holdings, Inc. respectfully prays for an Order of this Court approving the employment of CSE Commercial Real Estate, LP, as the real estate broker for the Debtor pursuant to 11 U.S.C. §327 and §328 for such other and further relief, at law or in equity, to which the Debtor may be shown justly entitled; and for such other and

further relief as is just and equitable.

Respectfully submitted,

By: */s/Mark J. Petrocchi*_____
Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Direct Dial (817) 926-9060
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE

     The undersigned certifies that he caused a true and correct copy of the foregoing Application to be served upon all parties registered on the ECF filing system of the Clerk of the Court and upon those parties listed on the attached matrix by first class mail, postage prepaid, on this the 22nd day of September 2009.

    */s/Mark J. Petrocchi*_____
    MARK J. PETROCCHI